## BRINGOLF v. BURT.

1. **Clerk of the Court:** LIABILITY UPON CERTIFICATE: STAY-BOND. Where a judgment was obtained in one county and a stay-bond thereon executed in another, and the clerk of the court in the latter certified that the party "whose name appears to the within bond as surety" was worth a certain specified amount, whereupon the bond was accepted by the clerk of the court where the judgment was rendered, *held* that the clerk did not certify to the genuineness of the signature of the surety, and that he was not liable to the judgment plaintiff for the amount of the judgment, upon proof that the signature was forged.

*Appeal from Madison District Court.*

WEDNESDAY, OCTOBER 4.

THE plaintiff avers in his petition that on the 18th of January, 1873, judgment was rendered in Polk County Circuit Court against S. M. Ralston and J. B. Ralston, for the sum of $241.09 debt, and costs $41.09 in favor of the plaintiff; that prior to February 11th, 1873, plaintiff caused an execution to be issued on said judgment, and placed the same in the hands of the sheriff of Madison county for service. On Feb. 10th, 1873, said Ralstons presented to the defendant in this case, E. O. Burt, who was clerk of the District and Circuit Courts of Madison county, Iowa, a stay-bond, a copy of which is attached, marked "Exhibit A," and thereupon this defendant made the indorsement on the reverse side thereof, a copy of which is attached, marked "Exhibit B." Plaintiff further states that on February 10th, 1873, and for a long time prior thereto it was and had been the custom for the clerks of one county to certify bonds for the clerk of another county, after the form and manner of the indorsement made by this defendant and marked "Exhibit B;" that said custom was well known to the defendant, who at the time of making the said indorsement also well knew that if he did make such indorsement the said bond would be received and approved by the clerk of Polk county, Iowa; that on February 11th, 1873, J. H. McClelland, clerk of the District Court of Polk county, Iowa, approved the said bond and caused the said judgment

to be stayed, and further ordered the sheriff of Madison county to return the execution in his hands; that in approving said bond the said clerk of Polk county relied entirely upon the certificate of the defendant herein, and had not this defendant made said indorsement on said bond the said clerk of Polk county would not have approved said bond and would not have ordered the sheriff of Madison county to return the said execution; that in February, March and April, 1873, the said Ralstons were solvent and had plenty of property in Madison county subject to execution, from which the entire amount of said judgment and costs could have been made; that at the expiration of the stay-bond aforesaid the said Ralstons were entirely bankrupt and insolvent; that in February, 1874, plaintiff caused another execution to be issued on said judgment and placed the same in the hands of the sheriff of Madison county, Iowa, for service, who first endeavored to find property of the said Ralstons on which to levy, but they being entirely bankrupt and insolvent, was unable to do so, and, therefore, levied the same upon the property of the said John M. Stewart, the party who executed the bond set out by copy as "Exhibit A" hereto attached, and who at that time had plenty of property from which the judgment could have been collected; that afterwards, to-wit, in March, 1874, the said John M. Stewart sued out of the Circuit Court of Madison county, Iowa, a writ of injunction and caused the same to be served upon the sheriff of Madison county, Iowa, which injunction forbid the said sheriff from collecting the said execution from the property of the said John M. Stewart; that at the November, 1874, term of the Circuit Court of Madison county, Iowa, on final hearing of the cause in which said writ of injunction was sued out by the said John M. Stewart, it was ordered that said injunction be made perpetual and the said bond, "Exhibit A," be canceled and set aside for the reason that the same was a forgery and had not been signed by the said John M. Stewart; that the said Ralstons still are insolvent and have been ever since July, 1873; that by reason of the acts and doings of the said E. O. Burt as above stated, the plaintiff has been prevented from collecting his said judg-

ment, which was a just and valid indebtedness, and the same has by the said action of the said Burt been entirely lost to plaintiff, and that if the said Burt had not approved said bond as before stated, plaintiff could and would have collected his entire judgment.

EXHIBIT A.

*Know all Men by these presents*, That I, John M. Stewart, am held and firmly bound unto D. M. Bringolf, of the county of Polk and State of Iowa, in the penal sum of five hundred and seven and 14-100 dollars, for the payment of which I bind myself, my heirs and assigns. The condition of the above obligation is such that whereas D. M. Bringolf obtained judgment in the Circuit Court of Polk county, Iowa, against S. M. Ralston and J. B. Ralston for the sum of two hundred and forty-one and 85-100 dollars, and costs of suit to the amount of forty-one and 9-100 dollars. Now if the said S. M. Ralston and J. B. Ralston shall pay to D. M. Bringolf the full amount of judgment and costs, with 10 per cent interest from the 18th day of January, 1873, the date of said judgment, within twelve months from the date of judgment, then this bond to be void, otherwise remain in full force, and I hereby authorize the clerk of said court to fill the above blanks. Signed this 10th day of February, 1873.          JOHN M. STEWART.

Marked on the back: Filed and approved February 11th, 1873.          J. H. McCLELLAND, *Clerk District Court.*

EXHIBIT B.

*State of Iowa, Madison County, ss.*     I, E. O. Burt, Clerk of the District Court in and for said county and State, hereby certify that John M. Stewart, whose name appears to the within bond as surety, has one hundred and sixty acres of land in his own name; that the same does not appear to be incumbered, and that I would accept him as surety for the amount of the within bond.

Witness my hand and the seal of said Court hereto affixed, this 10th day of February, 1873.          E. O. BURT,
     [L. S.]                              *Clerk Dist. Court.*

Afterwards the plaintiff filed an amendment to his petition in the following words:

" Comes now the plaintiff and by leave of Court files this amendment to said petition, and says in addition to the allegations therein contained, that the said defendant, E. O. Burt, at the time he made the certificate set out in said substituted petition, marked 'Exhibit B,' acted with gross negligence and carelessness, that he did not at or before making said certificate see the said John M. Stewart sign the said bond, 'Exhibit A,' and never heard the said Stewart admit that it was his signature attached thereto, and did not use proper means to ascertain whether the same was or was not the signature of said Stewart. That if said Burt had used proper care or prudence he could have known that said bond to which he certified was a forgery; that John M. Stewart himself then resided in Madison county and would have stated that it was a forgery, and in the entire transaction said defendant acted carelessly and negligently, to plaintiff's great injury."

To the petition and amendment to the petition the defendant demurred upon several different grounds, among which are the following:

*First.* It is not shown in said petition that it was any part of the defendant's official duty to make or sign the said instrument of writing, marked " Exhibit B," as set out by copy in said petition, or that defendant acted officially in signing the same.

*Second.* The law does not require the clerk of the District Court to sign or make any such certificate as is set forth as "Exhibit B."

*Third.* The clerk of the District Court in Polk county had no right and was not bound to act upon or approve said stay-bond upon the said certificate of defendant, and his acting upon and approving said stay-bond did not render this defendant liable.

*Seventh.* It is not alleged in said petition that the defendant in making said certificate acted corruptly or with intent to wrong or defraud plaintiff.

*Eighth.* It is not shown in the petition that the defendant received any consideration for making said certificate.

*Tenth.* Said certificate does not state that said bond was signed or subscribed by said John M. Stewart, nor that the name signed thereto is the genuine signature of John M. Stewart.

*Eleventh.* It is not shown in said petition that the facts or any of them stated in said certificate made by defendant were false, or other than true.

*Thirteenth.* No custom among clerks in signing certificates can render defendant liable officially. The law alone marks out his liability.

The demurrer was overruled. Judgment for plaintiff. Defendant appeals.

*Ruby & Murray* and *Eli Wilkin*, for appellant.

*McCaughan & Dabney*, for appellee.

ADAMS, J.—The plaintiff in his argument in this court disclaims the right to recover of the defendant as clerk. If then the defendant became liable, he became so simply as an individual, and as any other person would if he had made the certificate with the knowledge that the stay-bond would be approved upon the strength of it.

Whether there was any consideration for making the certificate, and if so whether it was such as to render the defendant liable to the plaintiff are questions discussed at considerable length by counsel, but we think that they are not necessary to be considered in the determination of this case.

The plaintiff's ground of complaint is that the signature purporting to be Stewart's is not genuine. Did the defendant certify that it was? If not, he is not liable. It is claimed by plaintiff that the defendant certified that Stewart's name was signed as surety, and it is argued that if Stewart's signature is not genuine his name could not be signed as surety.

It would be true of course that, if the signature was forged, Stewart would not be surety, but it does not follow that his name might not be signed as such.

If the defendant is liable it is because the clerk of the District court of Polk county had a right to infer that the de_fendant intended to certify to the genuineness of Stewart's signature. Whether he did so intend must be determined from the whole instrument. In examining it, it is easy to see that the point about which the defendant's attention was occupied was Stewart's responsibility. What he says in regard to Stewart's name appearing to the bond, seems to be said by way of assumption from the form of the bond. In form, Stewart's name did appear to the bond as surety. We think that the defendant's statement should be taken in that sense. What he says on that point is more in the nature of a recital than as a part of the certificate. Had he undertaken to certify to the genuineness of the signature it is not probable that he would have done it in that way.

The clerk of the District Court of Polk county gave, perhaps, more force than he ought to give to the words in question, by assuming that the defendant knew Stewart and was acquainted with his signature. But the defendant says nothing in the certificate in regard to his acquaintance with Stewart, or even in regard to Stewart's responsibility, except as it appeared from the record. So, too, in the words in question, we think he intended to state nothing except what appeared from the bond. In our opinion the Circuit Court erred in overruling the demurrer.

REVERSED.